JOHN N. RICHARDSON v. NORTH AMERICAN LIFE & CASUALTY COMPANY.[1]

May 2, 1919.

No. 21,154.

**Insurance — action on policy — letter of physician to defendant inadmissible.**

In an action to recover upon a life insurance policy in which misrepresentation of the physical condition of the insured was interposed in defense, it is *held*:

(1) That a letter written by a physician who had treated the insured at about the date of the insurance contract addressed to the insurance company and therein stating the physical condition of the insured as he found from examination, was no part of the proofs of death, was not procured at the instance of the beneficiary, as to him was hearsay and inadmissible in evidence.

(2) There was no error in permitting the insured on the trial to read to the jury certain answers to questions found in one of the documents composing the proofs of death.

Action in the district court for Hennepin county to recover $1,000 upon a life insurance policy. The answer alleged false representations

[1]Reported in 172 N. W. 131.

in procuring the policy. The case was tried before Rockwood, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $1,102.17. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Alvord C. Egelston* and *Harry S. Swensen,* for appellant.
*Keith, Kingman, Cross & Wallace,* for respondent.

BROWN, C. J.

Action upon a policy of life insurance in which plaintiff had a verdict and defendant appealed from an order denying a new trial.

The defense to the action was that there was a misrepresentation as to the physical condition of the insured, in that the application did not disclose the fact that she was then suffering from a cancerous growth, for which she had been treated by a physician, and from which she died about a year later. The defense was not sustained by the jury, but no complaint is made of the verdict as not supported by the evidence. The whole case in this court turns on the question whether there was error in the admission or exclusion of evidence on the trial. Two rulings are complained of in this respect, neither of which requires extended discussion.

1. After the death of the insured, which occurred July 1, 1916, plaintiff, the beneficiary named in the policy, caused proper proofs of death to be prepared and delivered to defendant. They were in all respects full and complete on their face, but disclosed the fact that the insured had undergone a surgical operation in October, 1915, some two months after the policy of insurance had been issued and nine months before her death. Further investigation and inquiry by defendant disclosed the additional fact that the operation was for the removal of a cancer, with which the insured was then afflicted. From the fact that an operation had been performed so soon after the policy was issued, defendant became satisfied that the cancerous condition of the insured existed at the time the application for insurance was made, and upon that theory its officers set about to learn the true situation. The proofs of death submitted by plaintiff disclosed the names of two physicians who had treated the insured in her lifetime, but the services rendered by them occurred some time after the insurance contract had been entered into.

In an effort to ascertain whether the insured had been treated by some other physician at about the date of the contract, considerable correspondence was had between defendant's general agent and plaintiff's attorney, but neither plaintiff nor his attorney knew of such treatment by any physician other than as stated in the proofs of death, and they so stated to defendant in response to inquiries upon the subject. Further pursuit of the inquiry disclosed to defendant from some other source that a Dr. Zwickey had treated the insured at about the date of the contract, and an application to him for information as to the nature of the treatment, brought a letter addressed to defendant in which he stated that from his examination of the insured he discovered "an extensive old laceration of the cervix with suspected carcinoma developing at the right of the old laceration. From the history and from my examination I concluded that the trouble dated back 16 months previous to my first examination." The examination was made on August 3, 1915, about ten days after the insurance application was made and six days before the policy was issued.

At the trial defendant offered in evidence the correspondence between defendant's agent and the attorney for plaintiff together with the Zwickey letter to which plaintiff objected generally as incompetent and immaterial, and particularly that the Zwickey letter was incompetent and hearsay. The objection was sustained and defendant excepted. We are unable to concur in the contention that the ruling was erroneous.

The theory of defendant in tendering the evidence was that the correspondence and the Zwickey letter formed part of the proofs of death and should have been received in evidence as such. That view of the documents is not borne out by the record. The proofs of death as submitted by plaintiff were complete on their face, and neither plaintiff nor his attorney, with whom the correspondence was had, knew anything about Dr. Zwickey or of his treatment of the insured. The letter, showing the nature of the treatment and character of the disease treated, was not procured at their instance, nor by their authority, and plaintiff is not bound thereby; as to him the Zwickey letter was clearly hearsay. The information contained in the letter would be material and competent evidence, but clearly not in the form presented. It was procured solely by defendant and in furtherance of its defense. Smith v. Royal

Highlanders, 96 Neb. 790, 148 N. W. 952; Cox v. Royal Tribe, 42 Ore. 365, 71 Pac. 73, 60 L.R.A. 620, 95 Am. St. 752; Royal Arcanum v. Brashears, 89 Md. 624, 43 Atl. 866. The letter was therefore inadmissible, and the effort to connect it with the proofs of death, and the procurement thereof as authorized expressly or otherwise by plaintiff, has merit only to the extent of the ingenuity of counsel in the discovery and presentation of the point.

2. Plaintiff offered in evidence as a part of the proofs of death exhibit D, which was made up of a series of questions and answers submitted by defendant to the surgeon who performed the operation upon the insured and his answers thereto. The document was procured by defendant and produced at the trial with the other papers forming the proofs of death, and it was received in evidence as such. Later in the trial counsel for defendant sought to read to the jury certain of the questions and answers contained in the document, to which counsel for plaintiff objected, unless all were read. The court sustained that view, and permitted the entire document to go to the jury. Although as a rule proofs of death are admissible in evidence in such cases for the limited purpose of showing compliance with the terms of the contract by which they are required to be made (14 R. C. L. 1442), we discover no reversible error in the ruling here involved. The questions and answers read to the jury by defendant disclosed that the insured was operated on for cancer on October 26, 1916, and the questions and answers read to the jury by counsel for plaintiff were to the effect that the insured did not know her condition before she applied to the surgeon for relief, that it was impossible for him to say how long the cancerous condition had existed, and that the insured was in fairly good condition when she came to him, and a good operative risk. Whether the court was right or wrong in permitting plaintiff to read those answers to the jury, we are clear that no prejudice resulted to defendant, and a new trial was properly denied. 2 Dunnell, Minn. Dig. § 7180. The question whether the insured knew or did not know of her cancerous condition was not an element in the case. The court instructed the jury that, if she was so afflicted in fact when the policy was issued, plaintiff could not recover. No fraud or intentional misrepresentation entered into the issue of liability. The answer as to her knowledge of the presence of

the cancer was immaterial, and might have been excluded without error, but the admission was clearly without prejudice. The same may be said of the answer of the surgeon to the effect that it was impossible for him to tell how long the cancerous condition had existed, and that the insured was in fairly good condition and a good operative risk at the time of the operation.

This covers the case and all that need be said in disposing of the appeal. We discover no prejudicial error in the record and the order denying a new trial must be affirmed.

It is so ordered.